Matter of the Judicial Settlement of the Account of KINGS COUNTY TRUST COMPANY, as Administrator, etc., of CHARLES S. FOWLER, Deceased. RICHARD E. FOWLER and Others, Appellants; KINGS COUNTY TRUST COMPANY, as Administrator, etc., and Others, Respondents.

(Supreme Court, Second Department, October 3, 1913.)

WILL—WHEN REMAINDER TO WIDOW DOES NOT VEST AT HUSBAND'S DEATH—
GIFT OF ABSOLUTE LEGACY.

 A testator, by will, gave furniture to his wife with power to his executrix, the widow, to sell and from the net income to pay to herself $1,500 yearly for her support and the maintenance and education of his youngest son C. during his minority. He also planned to divide equally the excess income, if any, among his children, three of whom were issue of a former marriage, the surviving issue of any deceased child to take his share *per stirpes*, and when C. should become of age to divide equally the corpus of the estate among his wife and four children named, the surviving issue of any deceased child to take his share *per stirpes*. The widow died before the period of division. *Held*, that the remainder to the widow did not vest at her husband's death, and that survivorship was made the test of sharing in the division.

 A testator who directs that a certain amount, with interest, shall be paid before the corpus of his estate shall be distributed, intends that the legatee shall take such amount freed from the power to distribute, and such gift is not burdened by contingency of living to the time of distribution.

 BURR, J., dissented.

REARGUMENT of an appeal by Richard E. Fowler and others from parts of a decree of the Surrogate's Court of the county of Kings, entered in the office of said surrogate on the 6th day of December, 1912.   (See 157 App. Div. 893.)

G. H. Brevillier, for the appellants.

Ernest C. Brower [George V. Brower with him on the brief], for the respondent Kings County Trust Company, as administrator, etc., and as executor, etc.

John T. McGovern [Joseph H. Breaznell with him on the brief], for the respondent Charles S. Fowler, Jr.

THOMAS, J.—The remainder to the widow did not vest at her husband's death.   The scheme of the will is this:  A gift of the furniture to the wife, power to his executrix, the widow, to sell, and from the net income to pay to herself $1,500 yearly for her support and the maintenance and education of his youngest son Charles, issue of testator's marriage with her, during his minority, and to divide equally the excess income, if any, among his children, three of whom were issue of a former marriage, the surviving issue of any deceased child to take his share *per stirpes*, when Charles S. should become of age to divide equally the corpus of the estate among his wife and the four children named, the surviving issue of any deceased child to take his share *per stirpes*.   The widow died before the period of division.   Why should the application of the usual rule be doubted?   The testator, aided by legal advice or knowledge, used apt words to give the furniture, the income, and to limit the remainder to those surviving to the time of division.   But then the natural question arose in testator's mind, what if Charles did not live to majority?   The testator answered by saying that his executrix, that is, his widow, should divide the corpus among his wife and children and the issue of a

deceased child. Here he is providing for a single contingency, viz., the death of Charles, and the survival of the others, and he follows the exact plan of division first stated. Now he has provided for wife and each child or the issue of any child deceased. But there is one possible event for which he wished to make provision in express terms, viz., the death of a child without issue before division. As to that, he said that the share of the child so dying should be divided among the wife and surviving children. Of course this presupposes that the wife is then living. It will be observed that by the literal reading such share goes to survivors, and not to surviving children, and the issue of any who may have died. In other words, upon the contingency of survivorship the children took, although such interpretation is not necessary. But it would not be thought that the wife, dead, would share in the division of a child dead without issue. Therefore, the plan for the remainder was equal division at Charles' majority among the wife and four children, with substituted gift to the issue of a deceased child, similar disposition to wife and children surviving at Charles' death before majorty, division among surviving beneficiaries of the share of a child dying with issue. Survivorship is made the test of sharing in the division. The testator put his property in his wife's hands to hold and divide. He thought of her as administering and making the division and living to the time of it and through any vicissitudes that might arise. It is urged, on the other hand, that at the testator's death his widow took absolutely a one-fifth part of the corpus, and that whatever the date of her death after the testator her title, already vested, awaited the division in which no other member of the family could participate unless he lived to the time; that after having given her a share in the whole income of the corpus pending division, he selected her as the only one among his beneficiaries, who were to share equally, and absolutely vested a

share in her.   The language of the will in its legal sense and ordinary import excludes such conclusion and it is inconsistent with the testator's own statement, " Believing that equality is justice, it is my will that my wife shall share equally with my children in the division of my estate whenever the same shall be made."   Therefore, she is permitted to share the portion of a child dying without issue.   But shall she share it absolutely and each child conditionally?   Shall she share equally in the division although dead at the time?   The issue of a dead child takes because he stands for his parent.   Her only child was given his share if he lived to take it.   It was not necessary to give her a vested estate so that her issue would be provided for.   I think it was not at all in the testator's thought, as expressed, to prefer his wife, even though she had died before she could enjoy the remainder.

The second question relates to the gift in the codicil.   In my judgment the codicil gave the wife another and quite different absolute legacy of $2,500.   A similar sum had been given to William and Richard each, and " now in order to carry out the principle of equality annunciated in my said will," he desired that a like sum should be paid before division to his wife, Abbie, and Charles, each with certain interest.   A testator, who directs that $2,500, with interest, shall be paid before the corpus shall be distributed, means that the legatee shall take it freed of the power to distribute, and as the taker is to be put on an equality with others, who took and kept a like sum, it follows that the gift is not burdened by the contingency of living to the time of the distribution, from which it is in express words excluded.

. The decree should be modified in accordance with this opinion, and as so modified affirmed, without costs.

JENKS, P. J., STAPLETON and PUTNAM, JJ., concurred; BURR, J., dissented.

Decree of the Surrogate's Court of Kings county modified, on reargument, in accordance with opinion, and as so modified affirmed, without costs.